IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.     Case Number: 4:16cr29-RH

ERVIN BELL III
 a/k/a "Norris Bell"
 a/k/a "President"

_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Ervin Bell, III, as the Defendant, Nathan Prince, as attorney for the Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

### 2. TERMS

The parties agree to the following terms:

a.     The Defendant will plead guilty to Count One (conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, and 28 grams or

more of cocaine base), Counts Six, Eight, Ten, and Eleven (distribution of cocaine), and Count Nine (distribution of cocaine base) of the Indictment. As to Count One, the Defendant faces, due to a prior drug felony conviction, a minimum of ten years' imprisonment, at least eight years of supervised release, and a maximum of life imprisonment, a $8,000,000 fine, and a $100 special monetary assessment. As to Counts Six, Eight, Nine, Ten and Eleven, the Defendant faces, due to a prior drug felony conviction, a maximum term of thirty years' imprisonment, a minimum term of six years to a maximum term of life on supervised release, a $2,000,000 fine, and a $100 special monetary assessment on each count. Defendant agrees to pay the special monetary assessments on or before the date of sentencing.

If the Defendant is unable to pay the special assessments prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes the forfeiture of all forfeitable assets. Specifically, the Defendant agrees to forfeit the 2010 Dodge Challenger, the 1994 Dodge Pickup Truck, and the 2003 Honda Shadow Motorcycle.

b.  That by voluntarily pleading guilty to the charges in the Indictment, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These

constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. The Defendant is pleading guilty because the Defendant is in fact guilty of the charges alleged in Counts One, Six, Eight, Nine, Ten and Eleven of the Indictment. In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. The Defendant agrees that substantial evidence exists to support the charges.

e. Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

f. If the Defendant is not a citizen of the United States, the Defendant understands that these convictions may adversely affect the Defendant's immigration status and may lead to deportation.

g.  The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h.  Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

## 3. SENTENCING

a. Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

_____
Nathan Prince
Attorney for Defendant

9/7/16
Date

_____
Ervin Bell, III
Defendant

CHRISTOPHER P. CANOVA
United States Attorney

_____
Jason R. Coody
Assistant United States Attorney
Kansas Bar No. 20805
Northern District of Florida
111 N. Adams Street, Fourth Floor
Tallahassee, FL 32301
(850) 942-8430
Jason.Coody@usdoj.gov