IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| ERVIN BELL III,<br>  Petitioner/Defendant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>  Respondent. | )<br>)<br>)<br>)  Case No. 4:16-cr-29-RH<br>)  Case No. _____<br>)<br>)  Hon. R.L. Hinkle<br>)<br>/ |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## PURSUANT TO 28 U.S.C. §2255
## TO VACATE, SET ASIDE OR CORRECT CONVICTION.

COMES NOW, Ervin Bell, Petitioner hereby acting pro-se[1] moves this most Honorable Court pursuant to 28 U.S.C. §2255 motion to vacate, set aside or correct conviction on Constitutional violation perpetrated by his attorney on a panoply of errors committed during his sentencing. These errors committed by Mr. Bell's attorney are backed by the record and facts as stated below herein.

### I. PROCEDURAL HISTORY

After being charged on a twelve count indictment Mr. Bell entered a guilty plea (Doc. 52) on Count One, conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine base, Count(s) Six, Eight, Ten and Eleven for distribution of cocaine base and Count Nine distribution of cocaine base of the indictment.

---

[1] Pleadings drafted by pro se litigants must be liberally construed (see) Haines v. Kerner, 404 U.S. 519 (1972).



On June 27, 2017 the Court sentenced Mr. Bell to serve 188 months term of imprisonment on all count(s) ran concurrently along with eight years supervised release and felony assessment fee of $600.00.

No Notice of Appeal was filed and therefore no appeal was taken by Mr. Bell.

## II. STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The law regarding ineffective assistance of counsel claims is well settled and documented in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two part test for courts analyzing ineffective assistance of counsel claims. According to Strickland first the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "Counsel" guaranteed the defendant by the Sixth Amendment of the U.S. Constitution. Second, the defendant must show that the deficient performance prejudiced his defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial or sentencing (see) Glover v. United States, 531 U.S. 198, 203-04, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001) and Wood v. Allen, 542 F. 3d 1281, 1309 (11th Cir. 2008).

(1) Convicted federal criminal defendant held able to first bring ineffective assistance of counsel claim in collateral proceeding under §2255 regardless of whether defendant could have raised claim on direct appeal (see) Massaro v. United States, 538 U.S. 500, 155 L. Ed. 2d 714, 123 S. Ct. 1690 (2003); see also

United States v. Cubelo, 726 F. 3d 1260, 1267 (11th Cir. 2013).

III. GROUND(S) ONE

## COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO FILE A NOTICE OF APPEAL

In an affidavit submitted by Petitioner Bell, he stated for the record that he requested his attorney Nathan R. Prince to pursue an appeal of his sentence, because he was not satisfied with the results of his enhanced sentence under the federal guidelines.

Attorney assured Mr. Bell that he did not see any available claims that could be appealed. Attorney Prince expressed to Mr. Bell that he would seek an appeal if Mr. Bell still had wish to pursue an appeal. Mr. Bell clearly expressed that he did wish to appeal his sentence. After Mr. Bell was transferred to custody of the FBOP. He tried numerous of times to contact Attorney Prince about the status of his appeal or if one had even been filed on his behalf.

After making so many failed attempts to contact Attorney Prince, Mr. Bell had his wife Lawanda Bell call Attorney Prince to inquire about his appeal. (See) Affidavit #2 by Lawanda Bell paragraph 4. Attorney Prince stated that he was not aware that Mr. Bell had wish to file an appeal though he had express that he mentioned it after he was sentenced and he had explained to Mr. Bell that an appeal would not be wise because there was nothing he could appeal because he pled guilty and received a reasonable fair sentence under the circumstances surrounding the evidence involved in his case.

After sentencing Mr. Bell, he had met a federal inmate who had discussed with him issues that he could raise on appeal (see)

3

exhibit #3 letter dated 7/11/2017 less than a month after Mr. Bell was sentenced. In this letter the inmate also expressed to Mr. Bell that an appeal is an uphill battle.

Also there are three additional e-mails that Petitioner Bell sent to Attorney Prince informing him that he wish to proceed with a direct appeal by requesting a notice to be filed and requesting to actually review the appeal brief once complete.

Based on the record, Mr. Bell can show that he had wish to pursue a direct appeal after he was sentenced in federal court, but since his attorney failed to file a notice of appeal Mr. Bell has been denied a procedural aspect of his case due to counsel's deficient performance. The Strickland standard applies to a claim that counsel rendered ineffective assistance of counsel by failing to file a notice of appeal or consult with the defendant about an appeal (see Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). If successful the remedy for that type of ineffectiveness is an out of time appeal. See also Gomez-Diaz v. United States, 433 F. 3d 788, 793 (11th Cir. 2005).

Due to the fact that Mr. Bell has been prejudice by not being able to appeal his sentence in the first instance shows that he has met both prong(s) of the Strickland test.

Mr. Bell request(s) relief by being granted to file his direct appeal based on ineffective assistance grounds for which he had been denied the right to appeal his sentence. Mr. Bell also wishes to be appointed counsel to pursue relief on appeal by this most Honorable Court as well.

If this Court needs to conduct an evidentiary hearing because

insufficient evidence has not been provided by respondent to refute Mr. Bell's allegations he only request that he and his wife be present to attest any challenge that is being made.

## IV. GROUND(S) TWO

### COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO FILE PROPER OBJECTIONS TO THE PSI

Prior to Mr. Bell's sentencing, his attorney filed a two page objection to the presentencing investigation report only arguing the weight of the drugs attributed to him for sentencing purpose. This objection was the only objection and based on the facts supported Bell for relief considering the preponderance of the evidence standards.

Counsel abandoned this claim by not pursuing it on appeal.

Yet, there were other objections that should have been made during Mr. Bell's sentencing to further mitigate the term of imprisonment, for instance, Mr. Bell's two level enhancement pursuant to U.S.S.G. §2D1.1(b)(12) for knowingly maintaining premises for the purpose of distributing a controlled substance or storage should have been objected to by Attorney Prince, because Bell's primary purpose for use was to operate a legal lawn business. The government's evidence had shown at best that Mr. Bell had incidental or collateral use for the premises during there investigation. The Court never questioned how frequently the premises were used nor did counsel challenge the government's information that supported this enhancement, perserving this claim for appeal. Also, Mr. Bell was assessed three additional levels to his base under U.S.S.G. §3B1.1(b) for being a leader or organizer for five or more participants involved in his case.

5

There was less than three people who willingly proffered information involving Mr. Bell's criminal actions and the evidence being analyzed as a whole does not show Mr. Bell being an organizer or leader of more than three people. This adjustment does not apply to Mr. Bell for a three level increase of his base offense.

The Sixth Circuit has framed the question as not whether counsel was inadequate but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F. 2d 222, 224 (6th Cir. 1992).

Simple attempts to refute the evidence introduced by the government regarding the reasonable foreseeable application of these enhancements was not presented by Attorney Prince.

The seven levels added to Bell's base offense level was not thoroughly objected to by his attorney which shows that counsel's professional assistance was not reasonable in this regard.

Both prongs of Strickland text has been met because Bell can establish attorney's performance fell below the objective standard of reasonableness. (see) Williams v. Taylor, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Second, Bell was prejudice because he believes the results of the outcome of the proceedings would have been different until proven otherwise.

Counsel denied Bell an opportunity to formally address these claims on appeal by failing to object to the PSR prior to his sentencing and then after by failing to file a notice of timely notice of appeal.

## V. GROUND(S) THREE

### COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE 851 ENHANCEMENT AND ALLEGED DRUG QUANTITY

Prior to Mr. Bell's sentencing the government filed a defective notice pursuant to 21 U.S.C. §851(a), (see) Document #21 filed 6/07/16. On page 2 of 3 paragraph 3(a) it states that the government relied on Bell's February 16, 2007 conviction in the state of Florida, for possession with intent to distribute cocaine.

In actuality Mr. Bell was charged and convicted of possession of a controlled substance without a prescription on the date mentioned herein above.

Counsel failed to challenge the 851 notice based on erroneous information and the fact that Florida's statute §893.13 does not qualify as a predicated offense for enhancement under 21 U.S.C. §851 because under the categorical approach the least of the acts criminalized by §893.13(1)(a)(2) did not necessarily violate 21 U.S.C. §841(a)(1) according to Descamps v. United States, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013); Mathis v. United States, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016); United States v. Hinkle, 8323 F. 3d 569, 570 (5th Cir. 2016); and Donawa v. United States, 735 F. 3d 1275, 1283 (11th Cir. 2013).

Fla. Stat. §893.13 is an indivisible statute which creates several means for selling, manufacturing, delivering, or possession with intent to sell, manufacture, or deliver a controlled substance.

Bell is not arguing the mens rea element of the statute. Basically he is stating that Florida's statute is broader than

7

21 U.S.C. §841(a)(1) and (2) listed offenses and cannot be used. Donawa is still good law, (see) United States v. Golden, 854 F. 3d 1256 (11th Cir. 2017). "Stating that a panel is bound by an earlier opinion decision. See also United States v. Blewett, 719 F. 3d 482 (6th Cir. 2013) and United States v. Blewett, 746 F. 3d 647 (6th Cir. 2013). "Where the outcome on the merits has been foreordained by another case such that" the jurisdictional question could have no effect on the outcome, provided the court does not use the pretermission of the jurisdictional question as device for reaching a question of law that otherwise would have gone unaddressed. The Elventh Circuit decided Spaho v. United States, 837 F. 3d 1172 (11th Cir. 2016). Which contradicts the ruling in Donawa which stated that Fla 893.101 and 893.13(a) that it would be improper to engage in the modified categorical approach for those statutes because they were not divisible within the mean ing of Descamps decision. (see) also the dissent in Spaho by Judge Jordan: We are bound by Donawa to apply the categorical approach in deciding whether §893.13(a)(1) is an aggraved felony under §1101(a)(43)(B) of the INA.

Basically, Mr. Bell is stating for the record that his prior State of Florida controlled substance conviction did not qualify for enhancing under the 851 provision because Florida 893.13 statute was to broad in conduct to fit within 21 U.S.C. §841(a)(1) and (2) list of offenses. Which must violate to be subjected to the 851 penalty provision.

Counsel was also ineffective for failing to challenge the quantity of drugs attributed to Mr. Bell at sentencing. Counsel

for Mr. Bell filed an objection to the PSR (see) Exhibit #4 a copy of the objection. In Bell's objection counsel outlined the facts of why Bell's base offense level should not have been raised passed a level 30 based on the reasonable foreseeable amount of drugs that Bell could actually be held accountable for, for sentencing purposes.

Paragraph 51 - 52 Presentence Report:

The drug weight attributed to the defendant in the PSR 19,106 kilograms of marijuana equivalent (derived from 52 kilograms of powder cocaine and 2,550 grams of crack cocaine) which was based on exclusively the testimony afforded by cooperating defendants.

The defense position is that the drug weight attributed to Bell in the PSR is not supported by a preponderance of the evidence.

From December 2014 through June of 2015 Bell obtained and distributed approximately two ounces of cocaine each week. By the latter half of 2015 and into 2016, Bell would usually receive and distribute two to three ounces of cocaine per week. Attributing to Bell two ounces of cocaine per week from December of 2014 through June of 2015, and two and a half ounces of cocaine per week from July of 2015 through his arrest on May 20, 2016.

Counsel stated that Bell shuld be held responsible for a total of 163.5 ounces or 4,635.25 grams of cocaine. (Based on facts). "Accepting the poportion of powder cocaine converted to crack cocaine identified within the PSR, 3.85% (2 out of 52 kilograms of cocaine attributed to Bell in the PSR).

Counsel went more indepth (see) page #2 of Exhibit #4 and

requested based on the facts that the court accepted the true findings of the drug amounts that reasonably could be attributed to Mr. Bell. Which would have reduced Bell's base offense level by underline four levels.

If Bell's attorney would have been successful in these objections alone, it would have reduced Mr. Bell's sentence by five years or more.

Counsel was ineffective for failure to pursue this claim on appeal as well. Bell's sentence on appeal could have been remanded based on the court's inconsistent reliance on the drug quantity finding, (see) United States v. Chitty, 15 F. 3d 159, 162 (11th Cir. 1994), "We later said, under Chitty that a sentencing court was required to make an individualized finding of the quantity of a substance that could be attributed to a defendant based on reasonable foreseeability.

As mentioned herein counsel was ineffective for not filing a notice of appeal and failing to challenge the court's drug quantity findings.

Bell has met both Strickland prongs. A showing of prejudice requires a petitioner to demonstrate "that there's a" reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermind confidence in the outcome. To make this determination federal habeas courts must weigh the evidence adduced in the habeas proceedings, (see) Escamilla v. Stephens, 749 F. 3d 380 (5th Cir. 2014).

Both Ground(s) Two and Three represent sentencing claims that

could and should have been raised on appeal pursuant to §1291 and 18 U.S.C. §3742(a). Mr. Bell has been denied a procedural aspect of his case that he did not waive by pleading guilty under the government's written plea agreement. Therefore, his claims should not be disregarded or dismissed unless Bell is afforded an opportunity to pursue these claims on appeal, and because Bell suffers from the implications of ineffective assistance of counsel.

CONCLUSION

Petitioner Bell prays that this most Honorable Court grant any relief that may be afforded to him, based on the facts outlined in this Memorandum of Law to Support his claims herein.

On this 22nd day of March 2018.

Respectfully submitted,
/s/ Jason Bell

CERTIFICATE OF SERVICE

I hereby verify that on this 22nd day of March 2018, I, the Petitioner hereby mailed a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Vacate, Set Aside pursuant to 28 U.S.C. §2255 to the Clerk of Court and to:

U.S. Attorney's Office
AUSA
Jason R. Coody
111 N. Adams Street, 4th FL
Tallahassee, FL 32301

/s/ Ervin Bell
Ervin Bell
Reg. No. 25137-017
FCC Yazoo City Low
P.O. Box 5000
Yazoo City, MS 39194-5000

## EXHIBIT SHEET

#1: Copy of Ervin Bell's Affidavit

#2: Copy of Lawanda Bell's Affidavit

#3: Copy of Letter e-mail that was sent to Attorney Nathan R. Prince's office by postal mail. (Plus six additional e-mails regarding Mr. Bell's wishes to pursue an appeal)

#4: Copy of Bell's objection to the Presentence Report

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case(s) No. 4:16-CR-029-RH-CAS-1

AFFIDAVIT OF **ERVIN BELL III**

1) I, Ervin Bell III, being duly sworn deposes and states under 28
U.S.C. §1746 declaration under penalty of perjury;

2) I am fully competent to make this affidavit and have personal
knowledge of the facts stated in this affidavit. To my knowledge
my statement herein is true and correct;

3) During the course of my federal prosecution I was represented
by Attorney Nathan R. Prince, Esq. Mr. Prince guided me through the
federal proceedings surrounding my federal prosecution/case;

4) After I had pled guilty and was sentenced in federal court to
serve 188 months term of imprisonment in the FBOP for my conviction
on Criminal Felony Drug Charges. Seeing that I was very unsatisfied
and depressed about the sentence in general;

5) Attorney Prince advised me that I could appeal my sentence, but
that he did not see any good grounds that I could allege for
relief on appeal;

6) Not truly wishing to accept Prince's advise because, I knew
the drugs attributed to me were an issue, plus the fact that all
the other enhancements that I received very well may have been
addressed on appeal;

7) I requested Attorney Prince to file an appeal on my behalf. At
that time Attorney Prince assured me that he would but, he did not
see any appealable grounds for relief;

8) It took me three months to personally address Attorney Prince

about my appeal over the phone from Yazoo City Low in Mississippi. This is after my wife Lawanda Bell had spoke with attorney Prince about my efforts to get in touch with him about my appeal;

9) Attorney Prince expressed to me that he did not file my appeal because we had discussed that I had no reasons to pursue an appeal;

10) For the record I, Ervin Bell, did want to appeal my sentence because I was not satisfied with the outcome. Attorney Prince made the decision not to file my appeal without my consent;

11) This is my affidavit and I'm being very truthful with the court and if called to testify to the facts alleged herein my affidavit I would do so truthfully under the penalty of perjury.

I, Ervin Bell III, signed this affidavit on February 2N<sup>th</sup>, 2018.

/s/ _____
Ervin Bell III

Affidavit of <u>Lawanda Bell</u>

Lawanda Bell (affiant) Being duly sworn, depose and states

1. I am over the age of 18 years of age. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit. To my knowledge all the facts stated herein are true and correct.
2. I am the wife and mother of Ervin Bell III, children. Since his incarceration I am in charge of all of our personal and business affairs
3. After Ervin Bell III was sentenced in federal court it seemed like it was very hard to get in contact with his lawyer, attorney Nathan R. Prince, Esq. So, he asked me to call and relay a message inquiring about his appeal.
4. Attorney Prince explained to me that he was not aware that Ervin wished to file an appeal, though he had mentioned it after he was sentenced. Although he expressed to Ervin an appeal would not be a wise move because there was nothing he could appeal on with his case because Ervin pled guilty and received a reasonable fair sentence surrounding the evidence involved in Ervin's federal case.
5. I relayed attorney Prince's message to Ervin, who seemed upset because he wanted to appeal his sentence for various reasons that he tried to explain to me.
6. I contacted Mr. Prince's office and left a message for him to call me back and Ervin sent me emails stating that Attorney Prince would not respond to his emails or calls after I spoke with him.

I Lawanda M. Bell, state that I signed this affidavit on March ___7th___, 2018 and the facts stated are true and correct.

_Lawanda M. Bell 3-7-18_
**Lawanda M. Bell**          **Date**

Before me, personally appeared <u>Lawanda M. Bell</u> whose identity is personally known to me, and who acknowledges that his/her signature appears above.

Sworn and subscribed before me, this __7th__ day of __March__ , 2018

[Notary Seal]

_Renada Conley_

Signature-Notary Public-State of Florida

RENADA CONLEY
Notary Public - State of Florida
Commission # GG 035047
My Comm. Expires Nov 9, 2020
Bonded through National Notary Assn.

**Notary Printed Name**

FROM: 25137017
TO:
SUBJECT: APPEAL INFORMATION
DATE: 07/11/2017 05:26:35 PM

To Whom It May Concern,

I have discussed the appeal issues with Mr. Bell. I have also explained that an appeal is an uphill battle but based on my conversations with Mr. Bell there appears to be a number of issues that can be appealed. We did not have access to the PSI or the sentencing transcripts. Mr. Bell has very important recollections of the sentencing hearing. In addition to the sentencing issues it appears the Mr. Bell's attorney failed to discuss the PSI and file the proper objections (counsel filed objections but did not cover all the issues).

There are a couple of very important issues for someone with the proper expertise to consider. Both of the individuals that provided information on Mr. Bell were housed in the same unit and same room and it is obvious they collaborated on their version of the story. At sentencing the only person to testify was the case agent and he simply provided hearsay evidence. Bell realizes that at sentencing the preponderance standard is utilized, but the government failed to introduce any evidence.

1. Bell's sentence was enhanced two levels, under the theory that he maintained a premises for drug distribution. According to section (b)(12) of the 2016 Sentencing Guidelines Manual the requirement included that "Defendant's primary or principal uses for the premises" was for the purpose of drug distributions. The manual clearly states that "incidental or collateral use for the premises should not be subject for the enhancement.." Bell utilized the premises are his primary lawn service business, if any drugs were sold from the premises they were incidental. Bell's sentence should have not been enhanced. In addition, according to Bell's recollection the PSI states that "almost" as to the primary reason for the enhancement. "Almost" does not meet the preponderance standard.

For your assistance "The government bears the burden of establishing the facts to support a sentencing enhancement, and must beet that burden by a preponderance of the evidence." United States v. Perez-Oliveros, 479 F.3 779, 783 (11th Cir. 2007). Based on the conversation with Bell it is obvious that his sentence was enhanced without the government introducing any evidence at sentencing.

2. Bell's sentence was enhanced as a leader and organizer. This is improper and he should obtain some relief. According to our conversation the government alleged that there were multiple individuals selling on his behalf but there was no evidence introduced at sentencing (Perez-Oliveros, Supra). In order be deemed a leader or organizer there must be at least 5 individuals in the conspiracy and it must be extensive. Bell pled guilty to 5 transactions that can be considered nickel and dime variety. The amounts of the sale should not be categorized as extensive in any fashion. Once again the above case is applicable.

3. Bell's lawyer failed to review the preliminary PSI with the client. The PSI contained a number of material misrepresentations and falsehoods. The lawyer should have object to all the errors the PSI contained. On its own this is not enough for a claim of ineffective counsel but in totality with the errors committed by counsel at the sentencing hearing this fact should solidify Bell's position.

4. Bell disputes the alleged weight of the drugs that he was sentenced for. Bell pled guilty to the five transactions which were small (1 or 2 ounces) not the total of drugs which the government alleged. Once again the government did not introduce any evidence to allege an amount larger than the amount they recovered.

5. Another very important fact is that one codefendants that provided testimony an another coconspirator unindicted in the instant case were sharing a cell in FDC Tallahassee. Both defendant concocted the story. There was no physical evidence other than the amount of drugs seized. This has been covered above but it remains an important factor which requires additional attention.

--------------------------------------------------------------------------------

FROM: 25137017
TO: Prince, Nate
SUBJECT: RE: RE: request
DATE: 01/05/2017 05:30:36 PM

YEA THAT WILL BE GOOD IF U CAN AND I DO HAVE A FEW QUESTION I WANT TO ASK. AND I WILL LET U KNOW
ABOUT THE PAPER WORK I WAS PREFERRING TOO
-----Prince, Nate on 1/5/2017 5:06 PM wrote:

>

Sorry for the delayed response... been trying to catch up after being out of the office for the holidays. I don't recall exactly what
you're referring to from the paperwork, but we can talk about it when I come out. I'm going to shoot for tomorrow afternoon.

ERVIN III BELL on 12/30/2016 3:38:13 PM wrote
attention mr nathen prince; i was wondering when u are going to respond to my last request and what u think about that paper
work my wife sent u. and if u dont know what it is i want u to look at in the paper work i can show you. i also want to know when
can q come out so we can discuss some things. i have quite a bit questions i need some answers too.
                                    SINCERELY, ERVIN BELL

January 2017, I will motion the court indicating that i have not had the opportunity to go over the PSIR with you as required by 3742, and the Fifth Amendment. Mr. Prince, I'm not trying to tell you how to do your job, I am only trying to assist you with my case, as I am allowed to do under the sixth amendment, so please don't think I am fighting with you over this matter, but also be mindful of the fact that it is my liberty which is at issue, and the amount of loss is a critical factor in my seeking to discuss the sentencing phase with you as required prior to sentencing. Allow me to thank you in advance for your attention in this matter.

--------------------------------------------------------------------------------

FROM: 25137017
TO: Bell, Lawanda; Curry, Lisa; Prince, Nate
SUBJECT: DIRECT APPEAL
DATE: 07/09/2017 05:22:34 PM

Mr. Prince,

Please be advised that I would like you to file a Direct Appeal no later than Monday, July 10, 2017. My understanding is that I only have 14 days to file the appeal so time is of essence. I would also like to obtain a copy of my sentencing transcripts as soon as possible. Please let me know how soon you can obtain the sentencing transcripts.

Sincerely
Ervin Bell

--------------------------------------------------------------------------------

FROM: 25137017
TO: Bell, Lawanda; Curry, Lisa; Prince, Nate
SUBJECT: attn;
DATE: 07/10/2017 03:23:27 PM

MR. NATHEN I AM ALSO REQUESTING A DRAFT OF MY DIRECT APPEAL BEFORE U SEND IT IN PLEASE SIR. AND BY TIME IS AT HAND IT CAN BE EMAILED TO ME SO THAT I CAN MAKE A COPY OF IT. THANK YOU, ERVIN BELL

---------------------------------------------------------------------------------------------

FROM: 25137017
TO: Prince, Nate
SUBJECT: HELLO AGAIN
DATE: 01/10/2017 12:11:50 PM

JUST CHECKING BACK IN ON YOU.TO SEE HAVE READ OVER MY EMAIL AND WHEN DO U THINK U WILL BE BACK
OUT. SIGN, ERVIN

## IN THE UNITED STATES DISTRICT COURT
## FOR THENORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

**v.**                              **CASE NO: 4:16-cr-00029-RH-CAS-1**

**ERVIN BELL III,**

   **Defendant.**

_____/

## OBJECTIONS TO PRESENTENCE REPORT

COMES NOW Defendant Ervin Bell, through the undersigned attorney, and

files the following Objections to the Presentence Report ("PSR") in this matter:

Paragraph 51-52

The drug weight attributed to the defendant in the PSR, 19,106 kilograms of

marijuana equivalent (derived from 50 kilograms of powder cocaine and 2,550

grams of crack cocaine), is based almost exclusively on testimony offered by a

cooperating defendant. The defense position is that the drug weight attributed to

the defendant in the PSR is not supported by a preponderance of the evidence.

From December, 2014 through June of 2015, the defendant obtained and

distributed approximately two ounces of cocaine each week. By the latter half of

2015 and into 2016, the defendant would usually receive and distribute two to

three ounces of cocaine per week. Attributing to the defendant two ounces of

cocaine per week from December of 2014 through June of 2015, and two and a

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been furnished by electronic filing to the Clerk of Court and a true and correct copy of the foregoing has been furnished by electronic filing to Assistant United States Attorney Jason Coody, and U.S. Probation Officer Cynthia J. Wilson on this the 30th day of November, 2016.

**RESPECTFULLY SUBMITTED** on this 30th day of November, 2016.

/s/ NATHAN R. PRINCE, ESQ.
FLA. BAR. NO. 60583
LAW OFFICE OF NATHAN PRINCE
P.O. BOX 10030
TALLAHASSEE, FL 32302
OFFICE: 850.601.5690
CELL: 850.559.4202
FAX: 850.270.6444
NATEPRINCELAW@GMAIL.COM

half ounces of cocaine per week from July of 2015 through his arrest on May 20, 2016, he should be held responsible for a total of 163.5 ounces or 4,635.25 grams of cocaine. Accepting the proportion of powder cocaine converted to crack cocaine identified within the PSR, 3.85% (2 out of the 52 kilograms of cocaine attributed to the defendant in the PSR), the correct amount of powder cocaine and crack cocaine attributable to the defendant is 4,456.29 grams (4.46 kilograms) and 178.46 grams respectively. Thus, the correct marijuana equivalent attributable to the defendant is 1,528.64 kilograms.

Paragraph 60

The base level assessed in paragraph 60 of the PSR is 34. However, if the drug weight attributable to the defendant discussed above is accepted by the Court, the base level offense would be 30 (at least 1,000 KG but less than 3,000 KG of marijuana).

Respectfully Submitted,

/s/ NATHAN R. PRINCE, ESQ.
FLA. BAR. NO. 60583
LAW OFFICE OF NATHAN PRINCE
P.O. BOX 10030
TALLAHASSEE, FL 32302
OFFICE: 850.601.5690
CELL: 850.559.4202
FAX: 850.270.6444
NATEPRINCELAW@GMAIL.COM