IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,       Case No. 4:16cr29/RH/CAS
                                         4:18cv168/RH/CAS
vs.

ERVIN BELL, III,
    Reg. No. 25137-017,

        Defendant.
_____/

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

COMES NOW, ERVIN BELL, III, Petitioner, (hereafter Mr. Bell), through the undersigned attorney, and files this Supplemental Memorandum in support of his Motion Under 25 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 By a Person in Federal Custody, (ECF No. 121), Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Conviction, (ECF No. 122), and Memorandum of Authority, Ineffective Assistance of Counsel, (ECF No. 151).

1

The Government filed a Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 132). The Court held an evidentiary hearing on Ground One of Bell's motion, memorandum, and supporting documents. (ECF Nos. 121 and 122). Ground One of his Motion addressed whether or not Mr. Bell was denied effective assistance of counsel when his trial counsel failed to file for a direct appeal. (ECF No. 121, p. 5).

Counsel for Mr. Bell called Mr. Bell to testify and counsel for the government called Mr. Nathan Prince. The parties submitted a Joint Exhibit List, (ECF No. 152), which was accepted by the court. At the conclusion of the proceedings, the Court offered counsel the opportunity to submit memorandums with respect to the facts. (Doc. 155, p.104).

The evidence presented supports a finding by this Court that Mr. Bell's request for relief should be granted and he is entitled to an appeal.

Mr. Bell testified that after the conclusion of his sentencing hearing he and Mr. Prince met to discuss the

outcome of the sentencing hearing and that he asked Mr. Prince about an appeal.  Mr. Bell stated that he was not addressed about the disadvantages of taking an appeal and that the only thing Mr. Prince said was that he didn't see any merits and Mr. Bell responded, whatever.  It does not appear that Mr. Bell gave Mr. Prince clear direction to file his appeal during this meeting.  However Mr. Bell promptly expressed his desire to appeal.  Mr. Prince testified that he thought ultimately he [Mr. Bell] was satisfied, or at least acquiesced to what Mr. Prince was telling him about.  Mr. Prince didn't think they had a good basis for an appeal.  Mr. Prince stated that the conversation turned to getting a rule 35 reduction but that he did not give any advice on how an appeal might affect a rule 35.  Mr. Prince left the meeting with the impression that he [Mr. Bell] did not want to appeal.

This meeting does not meet the specific meaning of consult set forth in *Roe v. Flores-Ortega,* 528 U.S. 470 (2000).  Counsel must advise the defendant about the advantages and disadvantages of taking an appeal and

3

make a reasonable effort to discover the defendant's wishes. *Id*. at 478. Mr. Prince did not properly consult with Mr. Bell. Mr. Prince did not discuss the advantages and disadvantages of an appeal. Mr. Bell saying whatever and acquiescing to his attorney's position and Mr. Prince's impression of his client's wishes does not rise to the level of reasonable effort to discover a client's wishes. Without proper consult, Mr. Bell only needs to demonstrate that a reasonable probability exists that, but for counsel's deficient performance, he would have timely appealed. *Id.* at 486. Mr. Bell and Mr. Prince both testified that Mr. Bell was unhappy about the weight of drugs attributed to him and that he did not receive a 5K motion from the government. Whether or not these issues have merit, the presence of a non-frivolous appellate issue is not necessary or dispositive under *Roe*.

After returning to the detention center, Mr. Bell emailed Mr. Prince on July 9, 2017 directing him to file a direct appeal on his behalf and July 10, 2017 requesting that he be provided a copy of the initial

4

brief before it was filed. (Def. Ex. #4). Mr. Prince testified that he did not recall receiving these emails directly advising him to file an appeal. He stated he was not aware that Mr. Bell wanted to appeal until after the deadline to timely file had passed when he received an email from Mr. Bell in late July. However, Mr. Prince failed to take any action to protect Mr. Bell's right to appeal by further consulting with Mr. Bell or by filing for any extension under Rule 4(b)(4).

## CONCLUSION

Due to Mr. Prince's failure to properly consult with Mr. Bell immediately after sentencing and also when he became aware of Mr. Bell's wishes in late July, Mr. Bell's motion should be granted. Mr. Bell's criminal judgment should be vacated and the same sentence re-imposed. He should be advised of all the rights associated with an appeal from any criminal sentence and the time for filing a notice of appeal from that re-imposed sentence is fourteen days.

The remaining grounds in his Motion Under 28 U.S.C. § 2255 should be dismissed without prejudice to his

right to raise these claims upon conclusion of his direct appeal.

        Respectfully submitted,

        /s/Donna Duncan
        DONNA DUNCAN
        Florida Bar No. 63869
        SANDERS AND DUNCAN, P.A.
        P. O. Box 157
        Apalachicola, FL  32329
        (850) 653-8976
        ddduncan@fairpoint.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been delivered by CM/ECF filing to: ANDREW GROGAN, AUSA, this 12th day of February, 2019.

        /s/Donna Duncan
        DONNA DUNCAN
        Florida Bar No. 63869
        SANDERS AND DUNCAN, P.A.
        P. O. Box 157
        Apalachicola, FL  32329
        (850) 653-8976
        ddduncan@fairpoint.net

## LOCAL RULE 7.1(F) CERTIFICATE

I certify that this paper contains 972 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

        /s/Donna Duncan
        DONNA DUNCAN