UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERVIN BELL,                                              CASE NO. 4:16-CR-29-RH-MAF-1

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255

The Petitioner, ERVIN BELL, by and through undersigned counsel, and pursuant to 28 U.S.C. § 2255, hereby files this Motion to Vacate Conviction and Sentence, and in support states as follows:

### FACTS

1. On May 17, 2016, the Government filed a twelve count Indictment against Ervin Bell ("Mr. Bell"), Steven Koonce, and Stacy Young. Mr. Bell was charged in Counts 1, 6, and 8-11.  (Docket #1).

2. Mr. Bell was charged with Conspiracy to Distribute Cocaine and Cocaine Base (Count 1), Distribution of Cocaine (Counts 6, 8, 10, and 11), and Distribution of Cocaine Base (Count 9).  (Docket #1).

3. At all pertinent times in this case, Mr. Bell was represented by Attorney Nathan Prince. (Docket #20).

4. Based on the advice of Attorney Prince, Mr. Bell entered into a plea agreement with the Government in which he agreed to plead guilty to all of the offenses for which he was charged. (Docket #56).

5. After the Court accepted Mr. Bell's plea, the probation officer prepared a draft presentence report ("PSR"). (Docket #67).

6. The draft PSR provided for a base offense level of 34 based on the quantity of drugs attributed to Mr. Bell. The probation officer also recommended a 2-level guideline enhancement pursuant to USSG 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, and a 3-level guideline enhancement pursuant to USSG 3B1.1(b) for being a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive.

7. Mr. Bell advised Attorney Prince that he wished to object to the amount of drugs attributed to him and to the proposed enhancements pursuant to USSG 2D1.1(b)(12) and USSG 3B1.1(b).

8. Attorney Prince filed an objection to the PSR, but only objected to the drug quantity attributed to Mr. Bell. Attorney Prince did not object to the proposed enhancements pursuant to USSG 2D1.1(b)(12) and USSG 3B1.1(b). (Docket #71).

9. At sentencing, Attorney Prince objected to the drug quantity attributed to Mr. Bell. The Court concluded that the Government failed to establish the drug quantity included in the PSR and reduced the based offense level from 34 to 32. (Docket #153-8 at 49-51).

10. Without objection from Attorney Prince, the Court applied a 2-level enhancement pursuant to USSG 2D1.1(b)(12) and a 3-level enhancement pursuant to USSG 3B1.1(b). (Docket #153-8 at 52).

11. The Court also applied a 3-level reduction for acceptance of responsibility. (Docket #153-8 at 52).

12. The Court calculated a total offense level of 34 with a Criminal History Category III. Thus, the advisory sentencing guideline range was 188-235 months. (Docket #153-8 at 52).

13. After hearing testimony from Mr. Bell's witnesses and arguments of the parties, the Court sentenced Mr. Bell to concurrent sentences of 188 months in prison on each of the counts of conviction. (Docket #153-8 at 82-88). The sentence imposed was the low end of the advisory guideline range.

14. Based on the facts of this case, Attorney Prince provided Mr. Bell with ineffective assistance of counsel by failing to object to the 2-level enhancement applied pursuant to USSG 2D1.1(b)(12) and the 3-level enhancement applied pursuant to USSG 3B1.1(b).

15. Had the appropriate objections been made, the Government would not have been able to establish by a preponderance of the evidence that either enhancement was appropriate.

16. The evidence reflected that Mr. Bell did not maintain the Golf Terrace residence for the primary purpose of manufacturing or distributing a controlled substance. Instead, the evidence reflected that Mr. Bell lived in that home and operated his lawn care business from that location.

17. The Government would have also been unable to establish by a preponderance of the evidence that Mr. Bell was a manager or supervisor of criminal activity that involved five or more participants. The Statement of Facts reflects that the only two individuals that

Mr. Bell arguably managed or supervised were Stacy Young and Steven Koonce. (Docket #51).

18. Had Attorney Prince objected to the enhancements applied pursuant to USSG 2D1.1(b)(12) and USSG 3B1.1(b), the Court would have been required to reduce the total offense level from 34 to 29. As a result, the applicable guideline range would have been reduced from 188-235 months in prison to 108-135 months in prison.

19. Under those circumstances, there is at least a reasonable probability that the Court would have imposed a sentence less than the sentence of 188 months in prison that was actually imposed in this case.

## LEGAL ARGUMENT

A defendant is entitled to the effective assistance of counsel pursuant to the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the United States Supreme Court established a two-part test for determining whether a defendant had been provided with ineffective assistance of counsel in violation of the Sixth Amendment. In order to establish ineffective assistance of counsel, a defendant must show both deficient performance by counsel, and resulting prejudice.

To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Strickland*, 466 U.S. at 694.

The district court shall grant a defendant an evidentiary hearing on a claim of

ineffective assistance of counsel raised in a Section 2255 motion to vacate "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Aron v. United* States, 291 F.3d 708, 714-715 (11th Cir. 2002); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

In this case, Attorney Prince performed deficiently by not objecting to the guidelines enhancements imposed pursuant to USSG 2D1.1(b)(12) and USSG 3B1.1(b).

Pursuant to USSG 2D1.1(b)(12), a 2-level enhancement applies "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." The record in this case did not support this enhancement. The evidence indicated that Mr. Bell lived at the Golf Terrace residence and operated his lawn care business from that location. Moreover, at the sentencing hearing, Detective Stinson testified law enforcement recovered only a small amount of drugs, cash, and property when they searched that residence. (Document #153-8 at 23-26).

To justify an enhancement under USSG 2D1.1(b)(2),"[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." USSG 2D1.1(b)(2), cmt. n.17.  The nature of the evidence seized by law enforcement does not support the conclusion that Mr. Bell maintained this residence for the primary purpose of distributing drugs.

Pursuant to USSG 3B1.1(b), a 3-level enhancement applies if the defendant was "a manager or supervisor of criminal activity that involved five or more participants or was

otherwise extensive." The Statement of Facts in this case establishes that Mr. Bell only supervised or managed his two co-defendants, Stacy Young and Steven Koonce. The Government introduced no evidence that Mr. Bell supervised anyone else during the charged conduct in this case.

Therefore, Mr. Bell was prejudiced by his attorney's failure to object to the enhancements applied pursuant to USSG 2D1.1(b)(12) and 3B1.1(b). The record reflects that the Court imposed a sentence at the bottom of the sentencing guideline range. Had the Court properly sustained objections to the two enhancements, the guideline range would have been reduced substantially from 188-235 months in prison to 108-135 months in prison.

Had the guideline range been reduced in that fashion, there is a reasonable probability that the Court would have imposed a sentence of less than 188 months in prison. There is nothing in the record which indicates that the Court would have imposed the same sentence even if the guideline range had been reduced. *See Deonarinesingh v. United States*, 542 Fed.Appx. 857, 861-863 (11th Cir. 2013).

Therefore, this Court should grant Mr. Bell's motion, vacate his sentence, and grant him a new sentencing hearing.

WHEREFORE, the Petitioner, ERVIN BELL, respectfully requests that this Honorable Court grant all relief to which the Petitioner may be entitled in this proceeding, including but not limited to:

1. An evidentiary hearing.

2. An Order vacating the judgment and sentence in this matter.

3. A resentencing hearing; and

4. Such other and further relief as the Court deems just and proper.

Pursuant to Rule 2(b)(5), Rules Governing Section 2255 Cases in the United States District Courts, I, William R. Ponall, acting on behalf of the Petitioner, Ervin Bell, as his attorney, declare under penalty of perjury that the foregoing is true and correct.

/s/ William R. Ponall
WILLIAM R. PONALL
Florida Bar No. 421634

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by e-service delivery to Assistant United States Attorney Jason Coody, jason.coody@usdoj.gov, on this 3rd day of January, 2022.

/s/ William R. Ponall
WILLIAM R. PONALL
PONALL LAW

SunTrust Building

253 North Orlando Avenue, Suite 201
Maitland, Florida 32751

bponall@PonallLaw.com

Telephone: (407) 622-1144
Florida Bar No. 421634

ATTORNEY FOR PETITIONER