# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

**v.**

**CASE NO.: 4:16cr29-RH/MAL**

**ERVIN BELL III**

_____/

## GOVERNMENT'S MOTION FOR LEAVE TO FILE OUT OF TIME & RESPONSE TO DEFENDANT BELL'S REQUEST TO SUPPLEMENT HIS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

COMES NOW, the United States of America, by and through the United States Attorney for the Northern District of Florida, and respectfully moves this Court to permit filing this response to the Bell's Request to Supplement/Amend his Motion to vacate, set aside, or correct his sentence. As an initial matter, although it is within the Magistrate Judge's discretion as to whether to permit a Defendant to supplement his 28 U.S.C. § 2255 motion, Defendant's supplement is not timely filed. Further, considering the substance of his claim, the conviction upon which the 21 U.S.C. § 851 enhancement was based was that of Defendant Bell, and further, had occurred more than five years before the date of the 21 U.S.C. § 851 Information. Therefore, even if there was some merit to Defendant's contention that the

underlying conviction was invalid, his counsel was barred from challenging it by the limitation provided in 21 U.S.C. § 851(e).

The undersigned further apologizes for the failure to file a response by May 2, 2023, in accordance with the Court's order. The undersigned incorrectly annotated the date upon which the response was due.

## LAW AND ARGUMENT

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted on April 24, 1996, a one year and 90-day statute of limitations governs Bell's § 2255 petition in this case, and that limitations period expired on January 3, 2022, that is, one year and 90 days after his judgment was affirmed and no certiorari petition with the United State Supreme Court was filed. 28 U.S.C. § 2255; Barnes v. United States, 437 F.3d 1074, 1077 (11th Cir. 2006). As such, Bell's April 6, 2023, motion to supplement/amend his § 2255 petition should be granted only if his new claims relate back to the claims in his initial petition. Mayle v. Felix, 545 U.S. 644, 648 (2005); Davenport v. United States, 217 F.3d 1341, 1344-46 (11th Cir. 2000).

An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by

facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650.

In Mayle, the Supreme Court resolved a conflict among Circuit Courts of Appeal regarding the relation back of habeas petition amendments. Mayle, 545 U.S. at 653. As the Mayle Court explained:

> The majority of Circuits, mindful of "Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]"…define "conduct, transaction or occurrence" in federal habeas cases less broadly…They allow relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in "both time and type" from the originally raised episodes.

Mayle, 545 U.S. at 657 (internal citations omitted). In Mayle the Supreme Court adopted the majority view described in the above quotation, which was already the view of the Eleventh Circuit Court of Appeals. Davenport, 217 F.3d at 1344.

In sum, "in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Davenport, 217 F.3d at 1344; quoting United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). As the Mayle Court held,

> Congress enacted AEDPA to advance the finality of criminal convictions...To that end, it adopted a tight time line, a one-year limitation period ordinarily running from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.

Mayle, 545 U.S. at 662.

Also, both the specific facts of Mayle and Davenport demonstrate the types of facts that the Court considers to be outside of the "same set of facts." In applying the relation back doctrine, the Mayle Court held that a claim that police officers obtained statements from the defendant in violation of the Fifth Amendment did not relate back to a habeas petition that claimed that the admission into evidence of a witness's videotaped testimony violated the Sixth Amendment. Mayle, 545 U.S. at 664-66. In Davenport, the defendant raised four claims in his original habeas petition: (1) the substance involved was not crack cocaine because it did not contain sodium bicarbonate; (2) the drug weight for which he was held responsible was incorrect because it included the moisture in the cocaine-based substance; (3) the government knowingly allowed a witness to commit perjury;

4

and (4) his counsel was ineffective for failing to raise the preceding three claims. Davenport, 217 F.3d at 1342-43, 1346. Davenport sought to amend his petition to raise three new claims, which were that his counsel was ineffective for:

> (1) allowing Davenport to be sentenced based on three grams of cocaine that were not part of the same course of conduct as the other forty-nine grams of cocaine, (2) relying on a summary lab report instead of requesting the complete lab report analyzing the three grams of cocaine, and (3) failing to advise him that a plea agreement might be possible.

Davenport, 217 F.3d at 1343.

Despite the fact that both claims one and two of the original petition and proposed amended claims one and two all challenged the drug weight involved in the case, the Davenport Court held that the first two proposed amended claims did not relate back to either of the first two original claims. Davenport, 217 F.3d at 1346. Specifically, the Davenport Court held:

> Although Davenport's original § 2255 motion challenged the moisture content and the lack of sodium bicarbonate in the drugs and counsel's failure to raise those issues, his original motion gives no indication that three grams in one drug transaction were not part of the same course of conduct or a common scheme of the other larger drug transaction and does not allege that his counsel was ineffective for not exploring the issue. The original claims thus dealt with the chemical makeup of the drugs, whereas the amended claims addressed the relationship between the drug transactions and his counsel's having improperly relied on a one-page lab summary instead of obtaining the

5

> full eleven-page lab report. Regarding the new claim asserting counsel's failure to advise Davenport of a possible plea agreement, Davenport's original § 2255 motion contains no mention of any such pre-trial activity or inactivity. Thus, Davenport's three new claims do not arise out of the same set of facts as his original claims, but arose from separate conduct and occurrences in both time and type.

Davenport, 217 F.3d 1346.

As the previous discussion of Mayle and Davenport demonstrates, those cases fully show that Bell's motion to amend his pending § 2255 petition should be denied. Bell's initial claims regarding objections to the Presentence Report for maintaining a premises for drug-distribution purposes and his managerial role in the offenses have nothing to do with whether the 21 U.S.C. § 851 enhancement was appropriate.[1] As such, Bell's new claim regarding the § 851 enhancement does not relate back to Bell's pending § 2255 petition and Bell's new claim is time-barred. Mayle, 545 U.S. 664-66; Davenport, 217 F.3d at 1344-46.

Moreover, there is absolutely no merit to Bell's claims that his counsel was ineffective for failing to investigate and object to the 21 U.S.C. § 851 enhancement.

---

[1] The undersigned recognizes that Bell initially raised a claim regarding whether his counsel was ineffective for failing to object to the § 851 enhancement in his first petition, filed on March 28, 2018. However, Grounds Two and Three were dismissed without prejudice. (ECF Doc. 158, 159.) Once dismissed, a claim is extinguished. The only non-successive 2255 motion Bell could file was one that dealt only with his resentencing. He permissibly filed such a non-successive 2255 motion. The amendment is not permissible because it does not relate back to the non-successive 2255 motion that is before the Court.

Bell asserts that there was an issue with the evidence and proof underlying the conviction in Leon County, Florida case number 2006CF2914, to which Bell pleaded no contest and was adjudicated guilty for "Possession of Cocaine." The judgment was entered on February 16, 2007. (Attachment 1.) The Government's "Information and Notice of Intent" was filed on June 6, 2016. (ECF Doc. 21.)

21 U.S.C. § 851(e) provides:

> **(e) Statute of limitations**
> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

Bell's counsel could not be ineffective for failing to object when the basis of the objection is the validity of the prior conviction.[2]

---

[2] Even without the statute of limitations provided in 21 U.S.C. § 851(e), Bell's claims would be time-barred under Florida law. A motion to withdraw a plea is governed by Florida rule of Criminal Procedure 3.850(a)(5). A Defendant who believes that his plea was involuntary may, within thirty days after rendition of the sentence, raise a claim that the plea was involuntary via a motion to withdraw a plea after sentencing under Florida Rule of Criminal Procedure 3.170(1). After that, but within two years from the date the conviction and sentence become final, the defendant may raise a claim under Florida Rule of Criminal Procedure 3.850(a)(5), that his plea was involuntary. *See Johnson v. State*, 60 So.3d 1045, 1052 (Fla. 2011). There are three exceptions to this deadline. Florida Rule of Criminal Procedure 3.850(b)(2) does not apply because the constitutional right at issue was not recently established, and 3.850(b)(3) does not apply because the Defendant has pled facts which demonstrate it is inapplicable. Florida Rule of Criminal Procedure 3.850(b)(1) allows for an otherwise untimely motion to be filed if "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Before entering his plea in 2006CF2914, Bell would have known that the white powdery substance was only subjected to a field test and/or could have known this through the exercise of due diligence.

## CONCLUSION

Bell's request to amend his section 2255 motion is time-barred by statute. Further, The record conclusively shows that Bell's trial defense counsel acted reasonably in declining to raise an unmeritorious objection to the § 851 enhancement, and Bell has not alleged reasonably specific facts showing otherwise. For all of the reasons stated within this response, this Court should deny the motion without further proceedings.

    Respectfully submitted,

    JASON R. COODY
    United States Attorney

    ***/s/ Meredith L. Steer***
    MEREDITH L. STEER
    Assistant United States Attorney
    Northern District of Florida
    South Carolina Bar No. 105392
    111 North Adams Street, 4th Floor
    Tallahassee, FL 32301
    (850) 942-8430
    meredith.steer@usdoj.gov

## CERTIFICATE OF WORD COUNT COMPLIANCE

I HEREBY CERTIFY there are 1,846 words in this response filed by the Government, pursuant to Local Rule 7.1(F).

*/s/ Meredith L. Steer*
MEREDITH L. STEER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically via the CM/ECF filing system on this 3rd day of May, 2023, which shall serve a copy on Defense Counsel of record. A copy of the foregoing will also be mailed to Defendant Bell.

*/s/ Meredith L. Steer*
MEREDITH L. STEER
Assistant United States Attorney