UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                                             Case Nos.:   4:16cr29/RH/MAL
                                                                                          4:22cv29/RH/MAL

ERVIN BELL

---

## REPORT AND RECOMMENDATION

This matter is before me on Defendant Ervin Bell's "Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255" and motion to supplement. ECF Nos. 172, 187.[1] After careful consideration of the motion, the record, the relevant law, and the Government's responses, I recommend the § 2255 motion be denied without an evidentiary hearing. Bell cannot show counsel was constitutionally ineffective for failing to raise the two meritless arguments presented in his motion. His proposed supplement is untimely and, even if accepted as timely filed, does not present a viable ineffective assistance of counsel claim.

---

[1] The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

On May 17, 2016, a federal grand jury returned a twelve-count indictment naming Bell and co-defendants Steven Kashun Koonce and Stacy Thyrone Young. ECF No. 1. Bell was charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine and 28 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and (b)(1)(B)(iii) (Count One), as well as five substantive counts of distributing indeterminate amounts of either cocaine or crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C) (Counts Six, Eight, Nine, Ten, Eleven). *Id.*

The Office of the Public Defender was originally appointed to represent Bell, but attorney Nathan R. Prince, Esq. moved to be substituted as retained counsel on June 3, 2016. ECF No. 20. On June 7, 2016, the Government filed notice of its intent to seek enhanced penalties due to Bell's single prior felony drug conviction. ECF No. 21.

On September 7, 2016, Bell entered a plea of guilty as charged pursuant to a written plea agreement and a twelve-page statement of facts. ECF Nos. 51-53.

The Final Presentence Investigation Report ("PSR") determined, based on the quantity of drugs involved in the conspiracy, that Bell's base offense level was 34. ECF No. 84, PSR ¶ 60. He received a two-level adjustment for maintaining a premises for the purpose of distribution and a three-level increase for his managerial role in the criminal activity, PSR ¶¶ 61, 63, both of which are at issue in the instant motion. These adjustments were offset in part by a three-level decrease for acceptance of responsibility, yielding a total offense level of 36. PSR ¶¶ 67-69. With a criminal history category of III, the applicable guidelines range was 235 to 293 months' imprisonment, which fell within the statutory minimum and maximum penalties. PSR ¶¶ 136, 137.

Bell objected to the quantity of drugs attributed to him, contending that his base offense level should have been 30, rather than 34. ECF No. 84-1. The district court found that the appropriate base offense level was 32, yielding a guidelines range of 188 to 235 months. ECF No. 117; ECF No. 130 at 50. It sentenced Bell at the bottom of this range to concurrent terms of 188 months' imprisonment on each count. ECF Nos. 115, 116; ECF No. 130 at 78. The original judgment was entered on June 29, 2017.

In March of 2018, Bell timely filed a motion pursuant to 28 U.S.C. § 2255 alleging, among other things, that counsel was constitutionally ineffective because he did not file a notice of appeal. ECF No. 121.[2] The assigned magistrate judge scheduled an evidentiary hearing on Bell's claim regarding counsel's alleged failure to file an appeal and appointed counsel to represent him at the hearing. ECF No. 133. After the January 9, 2019, hearing, Magistrate Judge Stampelos recommended that Bell's motion be granted as to this ground only, and the remaining claims be dismissed without prejudice. ECF No. 155, 158. The district court adopted the recommendation, granted the motion as to Bell's claim that counsel failed to file an appeal, and re-entered judgment, thus re-setting the deadline for Bell to file a notice of appeal. ECF Nos. 159, 160.

On appeal, Bell argued the district court clearly erred when it relied on a coconspirator's hearsay statement about the quantity of drug sales, and he claimed the court's conclusion that he was responsible for at least 840 grams of cocaine base was "speculative." ECF No. 170. The Eleventh Circuit found no clear error in the court's "conservative estimate of the drug quantity for which Bell could fairly be

---

[2] Bell also claimed counsel was ineffective because he did not file proper objections to the PSR and because he did not challenge the § 851 enhancement and the drug quantities attributed to Bell at sentencing. ECF No. 121 at 5, 6.

held responsible," and it affirmed on October 5, 2020. *Id.* at 9. Bell did not file a petition for certiorari with the Supreme Court.

Bell timely filed the instant counseled § 2255 motion on January 3, 2022. ECF No. 172. He claims trial counsel was constitutionally ineffective because he should have objected not only to the drug quantity but also to the application of the guidelines adjustments for maintaining a premises and for Bell's role in the offense. Bell contends that had counsel objected, the Government could not have established the propriety of these adjustments by a preponderance of the evidence, and the advisory guidelines range and his sentence therefore would have been lower.

The Government responded in opposition to Bell's motion, and on February 17, 2022, the court granted defense counsel's motion for extension of time to file a reply to the response. ECF Nos. 180, 181. However, no reply was ever filed.

In November of 2022, Bell filed a pro se letter request to appoint counsel, claiming the attorney he had hired to represent him in the § 2255 proceedings had "dropped [his] case without notifying [him]." ECF No. 185. The district court denied the motion. ECF No. 186.

Bell subsequently filed a pro se Motion to Supplement his § 2255 motion, dated March 30, 2023, along with a proposed memorandum. ECF No. 187. In his

supplement he offers additional argument against the application of the "premises" adjustment and raises a new claim, that counsel was ineffective for not objecting to the § 851 enhancement. ECF No. 187-1 at 3. The Court deferred ruling on the motion and directed the Government to respond. ECF No. 188. It did so, arguing that the new claim in the proposed supplement was untimely, and even if it were not, counsel was not constitutionally ineffective for failing to raise a time barred challenge to Bell's prior conviction.

## II. DISCUSSION

1. <u>Ineffective assistance of counsel</u>

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). This is a heavy burden because to show counsel's performance was unreasonable, a defendant must establish that "no competent

counsel would have taken the action that his counsel did take." *Hollis v. United States*, 958 F. 3d 1120, 1122 (11th Cir. 2020). Counsel is not constitutionally ineffective for failing to raise a meritless claim, because declining to raise such a claim cannot be deemed "deficient" and certainly no prejudice can result. *See, e.g., Hollis,* 958 F.3d at 1124 (counsel not constitutionally ineffective for failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA).

Bell raises a total of three ineffective assistance of counsel claims.

2.  Ground One--Maintaining a Premises

First, Bell contends counsel should have objected to the application of the two-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(12). This adjustment applies if "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12).

The commentary to § 2D1.1(b)(2) provides in relevant part that:

Subsection(b)(12) applies to a defendant who knowingly maintains a premises … for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution.

Among the factors the court should consider in determining whether the defendant "maintained" the premises are (A) whether the defendant held a possessory interest in (*e.g.* owned or rented) the premises and

> (B) the extent to which the defendant controlled access to, or activities at, the premises.
>
> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

U.S.S.G. § 2D1.1, comment (n.17).

The PSR reflects that Bell, whose legal and residence address was on Harwood Street, "maintained a second residence on Golf Terrace Drive for the almost sole reason of drug distribution." ECF No. 84, PSR at 3. Bell now asserts he lived at the Golf Terrace residence and operated his lawn care business from that location. ECF No. 172 at 5. He also points out Detective Stinson's testimony at the first sentencing hearing that law enforcement did not recover a substantial quantity of cash, but only a small amount of drugs, cash, and property when they searched that residence. ECF No. 153-8 at 23-26. Bell contends the nature of the evidence seized by law enforcement does not support the conclusion that he maintained the Golf Terrace residence for the primary purpose of distributing drugs. ECF No. 172 at 5. The undersigned is not persuaded by Bell's view of the evidence.

As part of his plea agreement, Bell signed a lengthy Statement of Facts. ECF No. 51. At rearraignment, he objected only to the quantity of drugs attributed to him, raising no objection to the myriad facts that supported the adjustment now at issue. ECF No. 137 at 11-12. According to the Statement of Facts, numerous confidential informants purchased cocaine or crack cocaine from Bell or his co-defendants at the Golf Terrace residence. ECF No. 51. Two of the confidential informants observed larger quantities of drugs or cash at the residence. *Id.* at 5, 7. However, Bell reportedly kept his drug proceeds in multiple safes at his primary residence. *Id.* at 8. On one instance Bell directed co-defendant Young to sell cocaine to certain customers from the Golf Terrace residence while Bell went to obtain additional cocaine, and on another occasion, he told Young to "clean the house" (referring to the Golf Terrace residence) after learning law enforcement had been spotted in the area. *Id.* at 4, 8. One CI told law enforcement Bell described the yard in front of the Golf Terrace residence as "the box" and he "absolutely forbid anyone to sell cocaine that was not supplied by him in the box." *Id.* at 10.[3] However, Bell also rewarded those who sold drugs for him. *Id.* During law enforcement's search of the Golf

---

[3] At sentencing, Leon County Sheriff's Deputy George Stinson testified "If drugs were sold on Golf Terrace, it was at the direction of Mr. Bell, and that's whose drugs were sold." ECF No. 153-8 at 38.

Terrace premises they located a "trap," which is a hole cut into the floor of the living room, concealed by a large piece of furniture. *Id.* at 11. They found a large, metal cocaine press and four ounces of suspected cocaine in the trap. *Id.*

Bell raised counsel's failure to challenge this adjustment in the § 2255 motion he filed in 2018, although the court did not reach the merits of the issue after determining Bell was entitled to an out of time appeal. The Government's response to the 2018 motion includes an affidavit from Bell's former attorney, Nathan Prince. ECF No. 132-2. In his affidavit, Mr. Prince states that he researched this issue and explained to Bell in detail that facts to which Bell had admitted during his various proffers established the validity of the enhancement. *Id.* at 3. Mr. Prince explained he declined to make the objection because neither the facts nor the law supported it. *Id.* This conclusion was not constitutionally deficient.

The record reflects Bell had a possessory interest in the Golf Terrace residence, over which he exercised control. He made the residence available for drug distribution, and in fact there was regular distribution of drugs from the residence. The lawn-care business Bell claims he was running was a front for the drug conspiracy, used to launder drug proceeds. Thus, the evidence establishes he maintained the Golf Terrace residence for drug trafficking. Counsel's decision not

to raise this objection meets constitutional muster under *Strickland*. Bell has not shown he was prejudiced by counsel's failure to file a meritless objection.

### 3. Ground Two--Manager or Supervisor

Bell also claims counsel was ineffective for not challenging the three-level adjustment he received under U.S.S.G. § 3B1.1(b). This adjustment applies if a defendant was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." Bell now contends counsel should have objected to this adjustment because the Statement of Facts establishes that he only supervised or managed two individuals: co-defendants Stacy Young and Steven Koonce.

The Government does not dispute that Bell did not directly manage or supervise five or more participants. It notes, however, that Bell's motion does not meaningfully address the provision "or was otherwise extensive." There is more to the application of this adjustment than simple arithmetic. The commentary to this guideline provides in relevant part:

> Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger shar of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 comment. (n.4). These factors are "merely considerations for the sentencing judge, who makes the factual determinations for the applicability of the § 3B1.1 enhancement on a case-by-case basis." *United States v. Ramirez*, 426 F. 3d 1344, 1356 (11th Cir. 2005). There is no requirement that all the considerations be present for the role enhancement to apply. *Id.*; *United States v. Rodriguez*, 805 F. App'x 773, 777 (11th Cir. 2020) (citing *Ramirez*).

Counsel's affidavit in response to the 2018 § 2255 motion states he researched this issue and "explained to Mr. Bell in detail during the course of the representation that the facts which he had admitted during his various proffers established the validity of [this] enhancement[]." Although this issue may be a closer call, the undersigned is not convinced that an objection would have been successful. Many of the facts set forth in the Statement of Facts supported both the "premises" adjustment and this adjustment. Bell instructed others to "clean the house" after learning law enforcement was suspected to be in the area, and he directed a co-defendant to sell cocaine to arriving customers while Bell left to obtain more cocaine. ECF No. 51 at 4, 8. He prohibited others from selling cocaine not provided by him in the front yard of the Golf Terrace residence. *Id.* at 10. Furthermore, had such an objection been made, the district court would have considered law

enforcement's testimony at sentencing about Bell's extensive history with drug distribution involving multiple distributors and purchasers who were not part of the proceedings in this case. *See* ECF No. 153-8 at 4-21.

Therefore, counsel's decision not to object to the § 3B1.1(b) enhancement was not unreasonable, and defendant has not shown he was prejudiced by this decision. Having failed to meet his burden under *Strickland*, he is not entitled to relief.

4. <u>Proposed Supplemental Claim—Application of § 851 Enhancement</u>

In his proposed pro se supplement to his § 2255 motion, Bell contends counsel was ineffective for not objecting to the application of the § 851 enhancement. He claims the underlying 2006 conviction used to support the enhancement was infirm because it was obtained without a lab confirmation of the identity of the controlled substance found in his possession. He also raises a second issue, complaining of an apparent contradiction involving both the date and the description of the offense. He contends:

> counsel should have clearly noticed the plain error between the PSR's assessment under its paragraph 90 where it stated that Mr. Bell was charged with "possession of a controlled substance without a prescription" in violation of FCA section 893.13(6)(a) instead of the actual charge of actual or constructive possession in violation of FCA section 893.03. *Id.* The PSR, under its paragraph 11, had stated in total contradiction to paragraph 90 that the enhanced penalties on a prior conviction of <u>February 16, 2007,</u> for possession with intent to distribute

> cocaine. PSR p.5 at ¶ 11. The prior conviction, in question, occurred on July 22, 2006, without a lab confirmation and with an ambiguously assessment containing clear contradictions, trial counsel, again had no reasonable reason not to object to the § 851 enhancement.

ECF No. 187-1 at 4.

In response, the Government correctly notes that Bell's attempt to raise a new ground for relief in his proposed supplement is untimely. Bell's conviction became final on January 3, 2021, 90 days after the Eleventh Circuit affirmed his conviction on direct appeal and no petition for certiorari was filed. *Clay v. United States*, 537 U.S. 522, 525 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). Therefore, he had one year from this date, or until January 3, 2022, to file his § 2255 motion, absent certain exceptions not applicable here. Counsel timely filed Bell's initial § 2255 motion on January 3, 2022. However, Bell did not file his proposed supplement until March 30, 2023, over 14 months later. And, the new claim for relief, which raises an entirely different issue than his other ineffective assistance of counsel claims, does not relate back to the issues raised in his pending § 2255 motion.[4] *See Mayle v. Felix,* 545 U.S. 654, 664 (2005) (So long as the

---

[4] The fact that Bell raised some version of this claim in his 2018 § 2255 motion (see ECF No. 121 at 6-7; ECF No. 122 at 7-8) is irrelevant. All claims other than his claim that counsel failed to file an appeal were dismissed without prejudice, meaning he was working from a "blank slate" in pursuing collateral relief.

original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (in order for facially untimely claims in an amended or supplemental § 2255 motion to be considered on their merits, they must arise from the same set of facts as the original claims, not from separate conduct and occurrences in both time and type).

Second, the Government argues that even if Bell's untimely filing were excused, Bell cannot show counsel was constitutionally ineffective due to the limitation period provided in 21 U.S.C. § 851(e). This section provides "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Therefore, counsel would have been statutorily barred from challenging the validity of Bell's 2006 conviction, i.e.. the identity of the controlled substance giving rise to the conviction.

Bell's suggestion that counsel should have objected to a discrepancy in the description of his prior conviction also would not have entitled him to relief.[5]   Bell

---

[5] Bell's assertion that the conviction occurred on July 22, 2006, rather than February 16, 2017 is

Page 15 of 19

references an "error" in the PSR, to wit "Bell was charged with 'possession of a controlled substance without a prescription' in violation of FCA section 893.13(6)(a) instead of the actual charge of actual or constructive possession in violation of FCA section 893.03." ECF No. 187-1 at 4. Indeed, paragraph 11 of the PSR and the Government's notice of enhancement both identify the underlying conviction supporting the enhancement as "Possession with Intent to Distribute Cocaine." ECF No. 21 at 2. In contrast, the state court judgment reflects Bell was convicted of Possession of Cocaine in violation of § 893.13(6)(a). ECF No. 190-1 at 1; *see also* ECF No. 84, PSR ¶ 90 (reflecting conviction for "possession of a controlled substance without a prescription). A violation of § 893.13(6)(a), Florida Statutes, is a third-degree felony under Florida law, punishable by a term of imprisonment not exceeding five years. *See* Fla. Stat. § 775.082(e). Bell was sentenced to a term of one year and one day. ECF No. 190-1 at 3.

At the time of Bell's 2017 federal sentencing, to qualify for an enhancement under § 841(b)(1)(B), a defendant had to have a prior conviction for a felony drug offense. A "felony drug offense" is "an offense that is punishable by imprisonment

---

incorrect. The PSR reflects he posted bond on July 22, 2006 and was not convicted until February 16, 2007, a date that is confirmed by the state court judgment. ECF No. 84, PSR ¶ 90; ECF No. 190-1 at 1.

for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs…" 21 U.S.C. § 802. Therefore, Bell's prior conviction, even though mislabeled in the notice of enhancement, was a "felony drug offense" that qualified him for an enhanced sentence. Counsel was not constitutionally ineffective for failing to raise a meritless objection. Additionally, the undersigned notes that neither the enhancement on Count One nor the application of the enhancement to the § 841(b)(1)(C) counts (see PSR ¶ 136) had an impact on the 188-to-235-month guidelines range.

## III. CONCLUSION

An evidentiary hearing is not necessary to resolve Bell's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Both guidelines adjustments and the statutory § 851 enhancement were properly applied. Therefore, Bell cannot show counsel was constitutionally ineffective for choosing not to challenge them, and his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as supplemented, should be denied.

# CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

Bell's "Motion to Supplement the 28 U.S.C. § 2255 Petition," ECF No. 187, is GRANTED.

And, based on the foregoing, it is respectfully RECOMMENDED:

1. The motion to vacate, set aside, or correct sentence, ECF No. 172, as supplemented, be DENIED.

2. A certificate of appealability be DENIED.

At Gainesville Florida on February 15, 2024.

                s/ *Midori A. Lowry*
                Midori A. Lowry
                United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.